UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
UNITED STATES OF AMERICA                              :
                                                      :
                                                      :
                  -against-                           :   MEMORANDUM & ORDER
                                                      :
RONALD BRITTON,                                       :   09-CR-362 (ENV)
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------------ x

VITALIANO, D.J.

Defendant Ronald Britton has filed a *pro se* motion asking the Court to recommend that the United States Bureau of Prisons ("BOP") place him in a Residential Reentry Center ("RRC"), or halfway house, for the final 9 to 12 months of his sentence. *See* Dkt. 165 ("July 20 Letter"), at 3. For the reasons explained below, the request is denied.

## Background[1]

Having pled guilty for his participation in a string of auto part store robberies, Britton was sentenced to 180 months' imprisonment, and is currently incarcerated at FCI Fort Dix. Dkt. 39 ("Plea"), 80 ("Judgment"). His projected release date is October 25, 2021. *See* July 20 Letter at 15. The Court treats Britton's July 20, 2020 letter as a motion under the Second Chance Act, requesting the Court's non-binding recommendation for a 9-to-12-month halfway house placement. 18 U.S.C. § 3624; July 20 Letter at 1–3. He says this time will allow him to participate in vocational training and gain reentry skills, and that it is warranted because of his good behavior while incarcerated. *Id.*

---

[1] The parties' familiarity with the underlying facts and procedural history is assumed.

BOP, however, has already decided to place Britton in a halfway house for the final 5 to 6 months of his sentence. Gov't Reply at 2. Britton appealed BOP's decision to the warden. Gov't Reply Ex. A at 1. The warden denied his appeal, citing Britton's work history and community support as factors favoring a shorter placement. *Id.* Britton states that, nevertheless, BOP is continuing to assess his RRC placement and would consider the court's recommendation. *See* July 20 Letter at 7. The government declined to take a position on Britton's motion, citing the broad discretion afforded to BOP in deciding RRC placements and courts in recommending them. Gov't Reply at 1–2.

Discussion

Courts do not control BOP's initial halfway house placement determinations, but may issue non-binding recommendations. Under the Second Chance Act, BOP has discretion to transfer an inmate to an RRC for up to the final year of his term of imprisonment. *See* 18 U.S.C. § 3624(c); *United States v. Johnson*, No. 13-cr-92 (ENV), 2018 WL 5045757, at *2 (E.D.N.Y. Oct. 17, 2018). In exercising this discretion, BOP must make an "individualized placement determination" considering, among other factors, "any statement of the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." *Johnson*, 2018 WL 5045757, at *2 (quoting 18 U.S.C. § 3621(b)). Courts may recommend RRC placements pursuant to this factor. *See, e.g., United States v. Musumeci*, No. 07-cr-402 (RMB), 2020 U.S. Dist. LEXIS 9075 (S.D.N.Y. Jan. 15, 2020) (recommending a 12-month RRC stay). Such recommendations "have no binding effect" on BOP. 18 U.S.C. § 3621(b); *see also Levine v. Apker*, 455 F.3d 71, 80 (2d Cir. 2006).[2] Courts often instead "'decline[] . . . to independently

---

[2] To obtain a binding review of BOP's decision, an inmate must bring a habeas petition under 28 U.S.C. § 2241 in the district where he is imprisoned, after exhausting his administrative

recommend such a placement,'" finding BOP better suited to make decisions based on inmates' records and RRCs' availability. *United States v. McBride*, No. 17-cr-192 (FPG), 2020 WL 1905253, at *1 (W.D.N.Y. Apr. 17, 2020) (quoting *United States v. Venkataram*, No. 06-CR-102 (JPO), 2016 WL 11448569, at *2 (S.D.N.Y. Dec. 12, 2016)).

In Britton's case, BOP has already considered the statutory factors and determined that he should spend 5 to 6 months in a halfway house. Gov't Reply at 1–2. On administrative appeal, BOP reexamined Britton's case and affirmed this decision. *Id.* Ex. A at 1–2. Unlike BOP, the Court has not seen Britton since his 2011 sentencing. *See* Dkt. 79. BOP has a superior knowledge of Britton's record in prison, his reentry needs and the current availability of RRC spots. The Court declines, therefore, to issue an RRC placement recommendation contravening BOP's twice-considered judgment.

Conclusion

In line with the foregoing, defendant's motion for a recommendation on the length of his RRC placement is denied.

So Ordered.

Dated: Brooklyn, New York
September 29, 2020

                                                 s/ ENV
ERIC N. VITALIANO
United States District Judge

---

remedies. *See Johnson*, 2018 WL 5045757, at *1. Even then, a court is limited to asking whether "BOP has abused its discretion by failing to consider the statutory factors" under 18 U.S.C. § 3621(b). *Owusu-Sakyi v. Terrell*, No. 10-cv-507 (KAM), 2010 WL 3154833, at *5 (E.D.N.Y. Aug. 9, 2010).